IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARCHIE ROBINSON,                    )
                                    )
        Plaintiff,                  )
                                    )    99 C 3696
    v.                              )
                                    )    Judge Lefkow
CITY OF HARVEY, et al.,             )
                                    )
        Defendants.                 )

## MOTION TO LIMIT IMPEACHMENT

NOW COMES Plaintiff, Archie Robinson, by his attorneys,
and respectfully requests that the Court limit the nature of the
impeachment evidence that may be offered against Plaintiff's
witness Anthony Reynolds.

### Introduction

While Plaintiff concedes that the fact of Anthony
Reynolds' felony convictions is permissible impeachment material,
the law favors tailoring the scope of the evidence about the
convictions to limit unfair prejudice to Mr. Robinson.  Under the
Federal Rules of Evidence and applicable case law, the jury
should be told only that Anthony Reynolds has been convicted of
two felonies and should not be informed of the particularly
prejudicial *titles* (armed robbery and attempted murder) of those
crimes.  See e.g. United States v. Ford, 17 F.3d 1100, 1102 (8th
Cir. 1994) (upholding district court's grant of this relief).

## Background

As the Court recalls, Anthony Reynolds is a witness to the alleged unlawful shooting at issue in this case, having been present at the time Mr. Robinson was shot. Mr. Reynolds has two prior felony convictions -- one for armed robbery, which predates the incident in question, and one for attempted murder, which occurred after the first trial in this case -- and it is expected that Defendants will attempt to impeach Mr. Reynolds by eliciting these two convictions on cross-examination pursuant to FRE 609(a)(1).

That Rule permits introduction of the prior felony convictions for purposes of impeachment but also allows the Court the flexibility to tailor the evidence to prevent jury prejudice. See FRE 609(a)(1) ("[E]vidence that a witness other than an accused has been convicted of a crime shall be admitted, *subject to Rule 403*, if the crime was [a felony and] . . . *if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect*") (emphasis added). This includes barring evidence of the title and nature of the crimes in appropriate circumstances. See United States v. Ford, 17 F.3d 1100 at 1102 ("[I]n an appropriate case [the trial judge] might exclude the names of specific crimes under Rule 403")(citations and internal quotations omitted); Gourdine v. Traynor, 1995 WL 946514 * 3 (W.D.N.Y. 1995)(same).

2

<u>Argument</u>

Pursuant to FRE 609, the Court should permit Defendants to elicit the fact that Mr. Reynolds has been twice convicted of felony crimes in order to impeach him while he is on the stand, but should bar evidence regarding the title and nature of the underlying felonies as these facts are irrelevant and create a significant risk of unfair prejudice.

No good cause exists for the introduction of the title and nature, as opposed to the existence, of Mr. Reynolds' two convictions. Evidence of prior felony convictions is admissible under Rule 609(a)(1) based on the premise that a juror may choose to disbelieve one who has committed a crime. Here, the circumstances of these two crimes have no independent relevance to Mr. Reynolds' honesty or truthfulness. See <u>United States v. Hayward</u>, 6 F.3d 1241, 1254 (7th Cir. 1993)("As the district court properly noted, 'the prior conviction [for unlawful use of a weapon] . . . did not involve dishonesty or false statement'").[1] Neither, obviously, are the circumstances relevant to any *substantive* question at issue in this case.

Rather, due to the connection between Mr. Robinson and Mr. Reynolds at the time of the shooting, there is a significant specter that introduction of the violent nature of Mr. Reynold's

---

[1] Also compare also FRE 609(a)(1)(governing impeachment by conviction of a felony generally) with FRE 609(a)(2) (allowing impeachment by proof of conviction of *any* crime "if it involved dishonesty or false statement").

prior crimes, particularly the added element of the use of a weapon, will unfairly prejudice Mr. Robinson as the jury considers *the primary issue in this case*: was Mr. Robinson unarmed at the time he was shot by Officer Escalante. In other words, the jury may very well assume that someone who carried a weapon on one occasion is likely to carry a weapon on another occasion, and that Mr. Robinson is "guilty by association" with a known weapons carrier.[2]

However, it is the policy of the Federal Rules to exclude such propensity/prior bad act evidence as it is of highly dubious relevance and appeals to jury prejudice. *See* FRE 404(a) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith"). That the "prior acts" in question occurred in connection with a felony which may be used to impeach, does not change this underlying policy. See United States v. Ford, 17 F.3d 1100 at 1102 ("The introduction of [the witness'] specific felony could easily have distracted the jury from its task without adding any real probative information to

---

[2]    FRE 609 clearly protects against this type of "spill-over" prejudice flowing from a non-party witness to the party in whose favor the witness testifies. See comments to FRE 609 ("There are cases in which a [party] might be prejudiced when a [non-party] witness is impeached. Such cases may arise, for example, when the witness bears a special relationship to the [party] such that the [party] is likely to suffer some spill-over effect from impeachment of the witness"); see also id. ("The [Rule] also protects other litigants from unfair impeachment of their witnesses. The danger of prejudice from the use of prior convictions is not confined to criminal defendants").

4

their deliberations") (citations and internal quotations omitted).

Accordingly, FRE 609(a)(1) expressly permits the Court to tailor the presentation of the impeachment evidence offered against Mr. Reynolds to avoid unfair and unnecessary prejudice to Mr. Robinson. See FRE 609(a)(1)(making admission of evidence of a prior conviction "subject to Rule 403"); FRE 403 ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury"). See also United States v. Ford, 17 F.3d 1100 at 1102; Gourdine v. Traynor, 1995 WL 946514 * 3 (W.D.N.Y. 1995)(Holding that where plaintiff had prior convictions involving murder and sodomy "defendant may admit into evidence the fact that plaintiff is incarcerated for his conviction upon four felonies and that plaintiff was subsequently convicted of a separate felony while incarcerated. *Defendant is not to inquire into the facts and circumstances surrounding the convictions or the nature of the offenses themselves*") (emphasis added).

## Conclusion

For the foregoing reasons, the Court should limit the evidence regarding Mr. Reynold's prior convictions, allowing introduction of the fact of those convictions, but not of the title or nature of the underlying crimes.

RESPECTFULLY SUBMITTED,

_____
Attorney for Plaintiff

Arthur Loevy
Jon Loevy
Danielle Loevy
Jon Rosenblatt
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607


Russell M. Barnett
BRADTKE & ZIMMERMANN
1190 South Elmhurst Rd.
Mount Prospect, IL 60056

6