Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3696 | **DATE** | 7/18/2003 |
| **CASE TITLE** | Robinson vs. City of Harvey, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion of defendant Escalante for a new trial under Rule 59 [171-1] is denied as untimely. The Court construes the motion as filed pursuant to Rule 60(b). Under Rule 60(b), the motion is also denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 6 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 21 2003 | |
| | Notified counsel by telephone. | | date docketed | 209 |
| | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 7/18/2003 | |
| | | | date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JUL 2 1 2003

ARCHIE ROBINSON,

    Plaintiff,

vs.

CITY OF HARVEY and OFFICER MANUEL ESCALANTE,

    Defendants.

No. 99 C 3696
Judge Joan H. Lefkow

## MEMORANDUM OPINION AND ORDER

After a trial in this excessive force (under 42 U.S.C. § 1983) and state law malicious prosecution case, a jury awarded plaintiff, Archie Robinson ("Robinson"), $25,000 in compensatory damages and $250,000 in punitive damages. The punitive damage award was solely against defendant Officer Manuel Escalante ("Escalante") and not defendant City of Harvey ("Harvey"). Escalante has now moved under Rule 59, Fed. R. Civ. P., for a remittitur or new trial. For the reasons stated below, Escalante's motion is denied.

Under Rule 59(b), a motion for a new trial "shall be filed no later than 10 days after entry of the judgment." As the use of the word "shall" suggests, and Rule 6(b) confirms, the time for the filing of a Rule 59 motion may not be extended. *See* Fed. R. Civ. P. 6(b) ("but [a court] may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them."); *Varhol v. National R.R. Passenger Corp.*, 909 F.2d 1557, 1561 (7th Cir. 1990) ("Rule 6(b) provides that a district

court may not extend the time for filing any Rule 59 motion."). Rule 59 itself presents no reason for any extension past the 10-day time limit listed in the rule.

Judgment was entered in this case on July 30, 2001. (*See* docket entry #169.) Escalante's motion for a new trial was filed on August 21, 2002, clearly outside of the 10-day limit imposed by the federal rules. Thus, under the rules, this motion is untimely and the court cannot not hear it under Rule 59. Escalante's response to this conclusion is to suggest that an oral motion for a new trial made within 10 days of the entry of judgment suffices under Rule 59. In support, he cites to *Thomas v. Medco d/b/a Mosholu Parkway Nursing Home*, No. 95 Civ. 8401 JES MHD, 2000 WL 297186, at *3 (S.D.N.Y. March 22, 2000) ("From this principle it follows that if the losing party makes an oral motion after the verdict, the application is timely even if the court permits the parties to supplement their presentation with written submissions at a date more than 10 days after entry of judgment . . . ."). Escalante maintains that he made oral motions for a new trial or for remittitur on both July 24, 2002 and July 30, 2002.

The court need not decide whether an oral motion, in and of itself, is sufficient under Rule 59 because such a motion was so clearly not made in this case. The court's examination of the record on both July 24, 2002 and July 30, 2002 shows nothing more than Escalante's counsel's statement of an intention to file a motion for a new trial or remittitur of punitive damages. Escalante points to a minute order this court issued stating that "Defendant Escalante's motion for a hearing to demonstrate his financial condition *in anticipation of a motion for remittitur* of punitive damages is set for 2:00 p.m. on 8/1/02." (Emphasis added). Once again, however, this does not sufficiently illustrate that an oral motion was made, only that it was anticipated. Indeed, in the very case Escalante cites to in support of his argument that an oral

2

motion is sufficient, the court noted that the oral motion sufficed only if the later filed briefs "reflect elaborations of the arguments orally made and do not involve entirely new theories for relief." *Thomas*, 2000 WL 297186, at *3. Since it is clear that no such arguments or theories were ever presented to the court, an oral motion for a new trial or for remittitur cannot be fairly inferred from the record in this case. Escalante's argument on this ground is denied.

Only one narrow exception allows a district court to consider an untimely motion for a new trial, referred to as the "unique circumstances" test formulated in *Eady v. Foerder*, 381 F.2d 980 (7th Cir. 1967). *Eady* has been criticized, *see Bailey v. Sharp*, 782 F.3d 1366, 1369 (7th Cir. 1986) (Easterbrook, J., concurring), and the last time the Seventh Circuit considered overruling it, the court split six to six, thereby causing *Eady* to remain the law of this circuit. *See Varhol*, 909 F.2d at 1560. Thus, while the *Eady* decision may well be "hanging on by the skin of its teeth," *United States v. Boyd*, 172 F.R.D. 363, 366 (N.D. Ill. 1997), it is, nonetheless, binding precedent on this court.

Under the "unique circumstances test" formulated in *Eady*, "when a judge extends the time within which to file an application for a new trial, and counsel relies to his detriment on that extension, the 'unique circumstances' of this reliance allows the court to dispose of the motion before it." *Varhol*, 909 F.2d at 1568. The exception generally requires "an act of affirmative misrepresentation by a judicial officer . . . ." *Green v. Bisby*, 869 F.2d 1070, 1072 (7th Cir. 1989), citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989); *see also Bailey*, 782 F.2d at 1369 ("In short, it is clear that it was not the judge's misstatement but counsel's misreading of the law that led to his failure to file on time."); *Boyd*, 172 F.R.D. at 366 ("The defendants, therefore, have to show that they relied upon erroneous information from [the court] to them

3

about the amount of time they would have. It is not enough that they were misled, they have to be misled by the court.").

The relevant facts for purposes of this motion took place in the following exchange between the court and the parties on July 30, 2002,

| | |
|---|---|
| The court: | Well, then we'll enter [judgment] today, and that will start the clock running? |
| Escalante's counsel: | What's today? |
| Robinson's counsel: | Today is the 30th. |
| Escalante's counsel: | Your honor, I'm going to ask if we can have additional time to file our post-trial motions. We have ten days under the rules, and I am out of the office Friday, the 2nd, and then next 7, 8th, and 9th on vacation that I have had planned for several months. And I don't know what [Harvey's attorney's] schedule is. But I don't know if plaintiff would object. |
| The court: | to deferring? |
| Escalante's counsel: | Pardon? |
| The court: | What– |
| Escalante's counsel: | If we could have additional time other than ten days. If it is agreed by the parties or ordered by the court, we still preserve our issues on appeal. |
| The court: | I can extend[] the time you're telling me. Okay. |
| Escalante's counsel: | Even to August 16th. I don't know if that would be–give us an additional week, August 16th or maybe August 21st, your Honor. |
| The court: | All right. Let's say August 21 to file post-trial motions. |
| Counsel for Harvey: | But the date of July 20th remains as the judgment on the verdict date? |
| The court: | Yes. |
| Escalante's counsel: | But we were still protected for appeal with your order– |
| Counsel for Harvey: | We are getting an extension now– |
| Escalante's counsel: | To file post-trial motion, and that protects us for appeal. |
| The court: | That's correct. |
| Escalante's counsel: | Okay. |

To properly consider whether these circumstances are, in fact, unique, the court must place them into context by examining other cases in which "unique circumstances" either have or

4

have not been found. In *Eady*, after a jury's verdict was read, the court asked plaintiffs' counsel if he was going to make a motion notwithstanding the verdict and stated that "[t]he Rule gives you five, ten and five days, but I will give you longer if you want." 381 F.2d at 981. Plaintiffs' counsel responded by asking for thirty days, which the court approved. *Id.* This was all reflected in the court's April 14 minute order. *Id.* at 980. In concluding that "unique circumstances" were present allowing the district court to consider the motion, the Seventh Circuit noted that "the facts appearing in the record indicate that plaintiffs, in reliance upon the district court's order of April 14, 1966, filed a motion for new trial within the extended period of time." *Id.*

In *Bailey*, the Seventh Circuit rejected any "unique circumstances" because, after the district judge erroneously granted an extension of time to file a motion under Rule 59(a), the lawyer researched the issue and misread *Eady* as permitting a district court to extend the time for a new trial motion. 782 F.2d at 1368. The court noted that no misstatement from the judge was at issue but instead it was counsel's "misreading of the law that led to his failure to file on time" and that counsel did not, therefore, "actually rel[y] on the affirmative misstatement of the district judge." *Id.*

In *Green* and the similar case of *Hope v. United States*, 43 F.3d 1140 (7th Cir. 1995), the Seventh Circuit rejected each plaintiffs' arguments that "unique circumstances" were present. In each case the plaintiff made a written motion for the extension of time to file Rule 59 motions and each district court merely entered a minute order granting the request. *Green*, 869 F.2d at 1072; *Hope*, 43 F.3d at 1143. The court in *Hope* noted that "unique circumstances" required "something more affirmative than a minute order granting a party's motion for extending the time to file a Rule 59 motion . . . ." 43 F.3d at 1143, citing *Green*, 869 F.2d at 1072.

5

In *Varhol*, counsel for the plaintiff informed the district judge immediately after the jury verdict that he wished to file a post-trial motion for a new trial. 909 F.2d at 1568. The district court, thereafter, told the plaintiff that he could take 21 days to file the motion. *Id.* The Seventh Circuit noted that *Green*, discussed above, was "difficult to distinguish" from the facts presented in *Varhol*. *Id.* at 1563. As the court stated, "[i]t is true that in this case, the district court told Varhol in open court he could have 21 days to file any Rule 59 motions. But it hardly seems reliance on a judge's spoken order in open court is any more reasonable than reliance on the court's written orders." *Id.* The court did not, however, need to fully address any conflict with *Green* because of its later conclusion that appellate jurisdiction was present due to Varhol's filing of a timely motion under Rule 4(a)(5), Fed. R. App. P., to extend the time to appeal. *Id.*

In *G.T. Laboratories, Inc. v. The Cooper Cos., Inc.*, No. 92 C 6647, 1998 WL 704302 (N.D. Ill. Sept. 24, 1998), a district judge found "unique circumstances" and considered an otherwise untimely motion for a new trial under Rule 59. After the jury verdict had been reached on January 7, 1998, the court asked plaintiff's counsel if he wished a date to file post-trial motions. Counsel responded that he did and the court told him that the motion should be filed by January 30, 1998. *Id.* at *3. In finding "unique circumstances" present to consider the Rule 59 motion, the court specifically noted that it "gave [plaintiff] specific assurances that its motion would be timely." *Id.*

After reviewing these cases and comparing them to the facts present here, the court concludes that "unique circumstances" are not sufficiently present in this case to warrant hearing an otherwise untimely Rule 59 motion. As is clear from the record in this case, the extension of time was based not on a misrepresentation from the court but on a misrepresentation from

Escalante's counsel, who specifically asked for an extension of time for the filing of post-trial motions. Escalante's counsel also misrepresented to the court that "if [an extension] is agreed to by the parties or ordered by the court, we still preserve our issues for appeal." The court granted the motion on this basis, noting that "I can extend[] the time you're telling me. Okay."

The facts of this case are no different than in *Green* and *Hope*. In those cases the plaintiffs asked for extensions of time through written motions which were granted by the courts through the entry of minute orders. The only distinguishing fact here is that the requests for extensions were made orally, which is not a factor worth differentiating these cases over. The written motions can be properly construed as requests for extensions, just as here the oral motion was a request that the court extend the filing period. Moreover, both the written and oral motions are properly viewed as representations from the parties that such an extension is within the power of the court. In any event, the oral request for an extension from Escalante's counsel, similar to the written requests for extension in *Green* and *Hope*, cannot be fairly characterized as a misrepresentation by the court but is instead a misrepresentation from counsel.

In addition, *Varhol* and *G.T. Laboratories* sufficiently convey the proper application of the "unique circumstances" test. In those cases no extension was ever asked for but, rather, both courts, apparently acting *sua sponte*, gave the plaintiffs an amount of time in which to file their Rule 59 post-trial motions which exceeded the 10-day period under the Rules. In such circumstances, it is clearer that an affirmative act or misrepresentation by the court was the reason for the motion being filed after the applicable time period. Accordingly, the court concludes that the "unique circumstances" exception is not properly applied in this case and Escalante's Rule 59 motion for a new trial or for remittitur is denied as untimely.

Because the court concludes that Escalante's motion is untimely under Rule 59, the motion must be treated as filed under Rule 60(b), Fed. R. Civ. P. *See Helm v. Resolution Trust Corp.*, 84 F.3d 874, 877 (7th Cir. 1996) (holding that rather than dismissing an untimely motion under Rule 59, the district court should have considered it a Rule 60(b) motion); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) ("[A] motion will not be thrown out as untimely simply because it is captioned 'Motion for Reconsideration' but was not served within ten days of the judgment."). Rule 60(b) allows a party to seek relief from a final judgment on grounds of mistake, newly discovered evidence, or fraud. Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994), quoting *Harold Washington Party v. Cook County, Illinois Democratic Party*, 984 F.2d 1202, 1205 (7th Cir.), *cert. denied*, 518 U.S. 825 (1993).

None of the grounds Escalante presents in his motion fit into the categories of mistake, newly discovered evidence or fraud listed in Rule 60(b). Most of Escalante's argument in his motion concerns his asking for a remittitur and/or a new trial. Such requests are appropriate under Rule 59, *see* Charles Alan Wright *et al.*, *Federal Practice & Procedure: Civil 2d* § 2807, at 78 (1995) ("A motion under Rule 59 is an appropriate means to challenge the size of the verdict."), but not under Rule 60(b) unless one of the appropriate categories listed in the rule applies. *See Deutsch*, 918 F.2d at 301 (noting that Rule 60(b) motions "must be shaped to the specific grounds for modification or reversal found in 60(b)–they cannot be general pleas for relief."). Moreover, any of Escalante's arguments concerning perceived erroneous applications of law would not properly fit into any of the Rule 60(b) categories. *See, e.g., Russell v. Delco*

8

*Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) ("[Rule 60(b)] was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law."); *Walters v. Central States Coca-Cola Bottling Co.*, No. 98 C 4526, 2001 WL 1263680, at *3 (N.D. Ill. Oct. 17, 2001) ("A Rule 60(b) motion is not a proper mechanism for addressing trial errors.").

Escalante may argue that the jury decision was a mistake under Rule 60(b)(1) due to the possible jury confusion. After the judgment was announced in this case and the jury was polled, the court allowed the attorneys from all sides to speak to the jurors. At this time the attorneys apparently uncovered some sense of confusion concerning damages among the jurors. Also, after this discussion with the attorneys, two jurors contacted the court stating they believed the jury verdict may not have accurately stated the jury's verdicts and that they may have mistakenly entered the wrong sums on the forms. The only applications of Rule 60(b)(1) the court has uncovered, however, have been mistakes on the part of either the court or counsel and not mistakes on the part of the jury.[1] *See Branson v. Prins Ins. Co.*, 79 F.R.D. 662, 664 (D. S.D. 1978) ("It is clear that the 'mistake' referred to by [Rule 60(b)(1)] is not a mistake on the part of

---

[1]Rule 606(b) of the Federal Rules of Evidence provides,

(b) Inquiry into validity of verdict or indictment.
Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

The only situations where the court found this rule applied at a district court was during motions for new trial under Rule 59. *See, e.g., Continential Cas. Co. v. Howard*, 775 F.2d 876, 882-85 (7th Cir. 1985).

the jury. It contemplates a mistake made by the court or counsel."). Nor would such attacks on jury mistakes under Rule 60(b)(1), as opposed to Rule 59, make sense when the moving party has knowledge of the alleged mistake during the ten-day period after the judgment. *Cf. Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal."). This would simply afford the party a significantly longer period in which to attack the jury verdict. The end result would be to needlessly undermine the finality of jury verdicts. *See Cinncinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997) ("[T]he need for the finality of judgments is an overarching concern. Rule 60(b) sets a higher value on the social interest in the finality of litigation.") (internal citation omitted).

Finally, no other ground in Rule 60(b) supports relief to Escalante. No ground exists under Rule 60(b)(2) because there is no "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." In addition, there is no evidence of fraud, misrepresentation or other misconduct to support any theory under Rule 60(b)(3). Under Rule 60(b)(4) relief from a judgment may be afforded when the judgment is void, such as when a court "lacked jurisdiction or acted in a manner inconsistent with due process." *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998). Neither scenario is applicable here. Nor would Rule 60(b)(5) apply; that section applies "almost exclusively to cases dealing with injunctions and consent decrees." *Cinncinnati Ins. Co.*, 131 F.3d at 631. Last, under Rule 60(b)(6), otherwise known as the "catch-all," a showing of "exceptional circumstances" is necessary. *Helm*, 84 F.3d at 878. No such circumstances are present here. This is a case in which the jury returned its verdict and Escalante, unhappy with the award of punitive damages,

failed to properly file a timely motion for a new trial or for remittitur concerning errors of which he was aware immediately. Therefore, the motion for relief from the judgment under Rule 60(b) is denied.

## CONCLUSION

For the reasons stated above, Escalante's motion for a new trial under Rule 59 is denied as untimely [#171]. The court construes the motion as filed pursuant to Rule 60(b). Under Rule 60(b), the motion is also denied.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: July 18, 2003