# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3696 | **DATE** | 10/20/2004 |
| **CASE TITLE** | Archie Robinson vs. City of Harvey, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion to reconsider the Court's order of 8/12/04 (254-1) is granted. Court awards plaintiff's attorneys a reasonable attorney's fee of $507,183.94 ($507,070.25 in fees plus $113.69 in expenses) and taxes Rule 54(d) costs in the amount of $14,393.28. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 22 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 260 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | CW | courtroom deputy's initials | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHIE ROBINSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF HARVEY and OFFICER )<br>MANUEL ESCALANTE, )<br>)<br>Defendant. ) | No. 99 C 3696<br>Paul E. Plunkett, Senior Judge |

DOCKETED
OCT 22 2004

## *MEMORANDUM OPINION AND ORDER*

This matter is before the Court on Plaintiff's Federal Rule of Civil Procedure ("Rule") 59 motion for reconsideration. Archie Robinson ("Plaintiff") asserts that the Court should reconsider its ruling on attorney fees and costs because the Court did not see the trial unfold and, therefore, was not able to sufficiently appreciate the difficulty and complexity of this case. After review, we have reconsidered our August 12, 2004 ruling. Accordingly, Plaintiff's motion is granted.

### *Legal Standard*

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change of law. *Cosgrove v. Bartolotta*, 150 F. 3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made a an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp.2d 943, 945 (N.D. Ill. 2001), (quoting *Bank of*



*Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Circ. 1990). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

Plaintiff claims that he qualifies for reconsideration because the Court misunderstood the facts upon which the lodestar was decreased. Plaintiff states that the briefs were tailored to the intimate knowledge that Judge Lefkow possessed about this case. Plaintiff further asserts that for that reason, he felt that Judge Lefkow's appreciation of the complexities of the case were sufficient and she would not require as detailed explanation of pre-trial preparation as would another judge. In his motion to reconsider, the Plaintiff asks this Court to reinstate the one-third reduction of the lodestar that the Court implemented in its August 12, 2004 order.

### *Facts*

On July 24, 2002, this case was tried before the Honorable Joan Humphrey Lefkow. The jury awarded Plaintiff, Archie Robinson, $25,000 compensatory damages and $250,000 punitive damages. This case was transferred from Judge Lefkow to this Court on Plaintiff's motion to recover fees and costs pursuant to 42 U.S.C. §1988. On August 12, 2004, the motion was granted in part and denied in part.

In that August 12 Order, this Court determined that Plaintiff was able to recover attorney's fees through a lodestar calculation. However, the Court denied Plaintiff's petition for fees as to the number of hours that Plaintiff originally submitted and the rate at which the contingency attorneys requested to be compensated. First, as to the number of hours, the Court determined that several of

Plaintiff's billed hours were duplicative and vague. Consequently, the Court calculated the appropriate number of hours to which Plaintiff's attorneys were entitled. Second, as to each attorney's rate, the Court considered the experience and expertise of each attorney and determined their reasonable billable rates.

After the lodestar was calculated with the appropriate values, the Court then exercised its discretion under *Hensley* and further reduced Plaintiff's fees by one-third. According to *Hensley*, we can increase or decrease the lodestar based on various other considerations including: (1) the time required; (2) the difficulty of the questions presented; (3) the skill required to perform the legal service properly; (4) the attorney's inability to accept other employment during the life of the case; (5) the usual fee; (6) whether the fee is fixed or contingent; (7) any relevant time limitations; (8) the amount of money involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).

Further, as the Supreme Court noted, many of those factors, such as the time and skill required by the case; the experience and reputation of the attorneys; the usual fee; and awards in similar cases, are encompassed within the lodestar calculation. *Id.* at 434 n.9. Moreover, other factors, such as the nature of the professional relationship with the client, the time limitations imposed by the client and the circumstances and the possible cost of the case, are inapplicable here. So, the factors to be considered were: (1) the difficulty of the questions presented; (2) the undesirability of the case; (3) the amount of money involved and the result obtained, and (4) the nature of the fee to be considered. Initially, we believe Plaintiff did not adequately establish the

difficulty of the questions presented or the degree of undesirability of the case. Accordingly, in our August 12, 2004 Order, the Court reduced the lodestar calculation and awarded Plaintiff reasonable attorney's fees of $375,285.53 ($375,171.84 in fees plus $113.69 in expenses) and taxes Rule 54(d) costs in the amount of $14,393.28.

Plaintiff has now filed this motion for reconsideration, believing that we have misinterpreted the magnitude and difficulty of counsel's work and have not awarded attorney fees and costs appropriately. Plaintiff states that we did not see the events of the trial unfold and we, therefore, were not cognizant of the time spent by both Plaintiff's and Defendant's counsel in preparing their cases. Indeed, this Court did not have the opportunity to witness the events of the trial and was unable to properly gauge the complexities of this case. Without Plaintiff's explanation regarding the hours and virtually no objection by Defendant, Plaintiff correctly supposes that our absence from the jury trial did prevent us from ascertaining the need for the lengthy trial preparation, as well as from adequately measuring the complexities of the case.

However, Plaintiff has now supplied additional information that clarify the Court's misperceptions regarding the: (1) desirability of the case; (2) degree of Plaintiff's success; (3) counsel's risk in taking on the case; and (4) time required to prepare for the case. With this additional, detailed information regarding the pre-trial events, we understand and are now convinced that Plaintiff was justified in spending a comparable amount of preparation time as Defendants. Accordingly, we amend our August 12, 2004 Order and will reinstate the one-third reduction of the lodestar.

In our amended order, our new award will also reflect one more alteration. During our reconsideration and close scrutiny of Plaintiff's motion and our original order, we find it necessary to correct a calculation error. The number of hours that we deemed reasonable and the corresponding rates

for each attorney were correctly determined. However, in this motion for reconsideration the Court has detected a simple calculation error in Michael Kanovitz's lodestar. The Court accurately stated that Kanovitz should be able to recover fees for 24.75 hours of work at a billable rate of $250 per hour. Previously, the Court mistakenly transposed that multiplication into the order stating that he could recover $61,875.00. Rather, that calculation should have recorded Kanovitz's recovery to be $6,187.50. Accordingly, the Court will apply the correct recovery amount for Kanovitz.

This whole exercise displays the problems that inevitably occur in reassignment to another judge this far into the life of a case. We received a case that had been tried two times before another judge and believe that time is being unnecessarily used to try to accurately portray what actually already occurred before another judge. Perhaps the Court's time would be better used if cases were not transferred between judges at this late stage in the judicial process. Rather, it would better serve the courts', counsels', and parties' interests if such matters were resolved expediently before just one judge. Nevertheless, this Court has reconsidered its August 12, 2004 ruling.

## *Conclusion*

In his Motion to Reconsider, Plaintiff depicts the true complexity and intricacies of this case. Accordingly, the Motion to Reconsider is granted. For the above stated reasons, the Plaintiff's attorneys are awarded reasonable attorney's fee of $507,183.94 ($507,070.25 in fees plus $113.69 in expenses) and taxes Rule 54(d) costs in the amount of $14,393.28.

**ENTER:**

**SENIOR UNITED STATES DISTRICT JUDGE**

DATED: OCT 20 2004