FILED
JAN 20 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHIE ROBINSON | ) |
| Plaintiff, | ) |
| v. | ) No. 99 C 3696 |
| | ) Paul E. Plunkett, Senior Judge |
| CITY OF HARVEY and OFFICER MANUEL ESCALANTE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on both Archie Robinson's ("Plaintiff") and Harvey's ("Defendant") motion for extension of time to file a notice of appeal ("NOA") under Federal Rule of Appellate Procedure 4(a) ("Rule"). Plaintiff and Defendant assert that the Court should grant each of their motions for leave to file a NOA beyond the initial thirty days provided in Rule 4(a). Each party contends that they each have independently presented sufficient evidence to establish that their failure to file a timely motion was a result of excusable neglect. After review of all submitted materials, we determine that Plaintiff has failed to make such a showing and accordingly, Plaintiff's motion is denied. Defendant will be afforded the opportunity to correct the record of his appeal that is currently before the United States Court of Appeals for the Seventh Circuit, to the extent that the two date errors are corrected from Defendant's original notice of appeal.

## Facts

This case has been pending since 1999. After several procedural steps, this case was tried before the Honorable Joan Humphrey Lefkow on July 24, 2002. The jury awarded Plaintiff, Archie Robinson, $25,000 compensatory damages and $250,000 punitive damages. In 2004, this case was transferred from Judge Lefkow to this Court on Plaintiff's motion to recover fees and costs pursuant to 42 U.S.C. §1988. On August 12, 2004, Plaintiff's motion was granted in part and denied in part. Then on October 20, 2004, Plaintiff's motion to reconsider the August 12 order was granted in part, terminating this case.

On November 9, 2004, co-defendant Manuel Escalante filed a NOA and then on November 16, 2004, voluntarily moved to dismiss his NOA. On November 17, 2004, Harvey filed a timely NOA, then on November 24, 2004, without first obtaining leave of the Court, Harvey attempted to amend its timely filed NOA in order to correct two date errors. However, because Defendant neglected to ask for leave of this Court to amend, that motion to amend was ineffective. Defendant now asks permission of the Court to file a second amended NOA to correct two technical errors that were made in the first, timely filed NOA. Defendant avers that because the Seventh Circuit has begun proceedings based on the proposed corrected information, Harvey wishes only to amend the official record so that it correctly reflects the matter which the Seventh Circuit now considers.

Plaintiff also seeks to file a NOA of the Court's August 12, 2004 and October 20, 2004 orders. On November 29, 2004, Plaintiff believed he had filed its timely motion for cross appeal of Harvey's November 17 NOA.[1] Pursuant to Federal Rule of Appellate Procedure 4(a)(3), "If one

---

[1] Plaintiff states he was unaware of Defendant Escalante's November 9, 2004 notice of appeal and subsequent withdrawal on November 16, 2004. Plaintiff filed its cross appeal based on Defendant Harvey's November 17, 2004 notice of appeal, however, the clock actually starting ticking for Plaintiff to file his cross appeal on November 9.

party files a notice of appeal, another party may file a notice of appeal within fourteen days after the date when the first notice was filed . . . ." Therefore, Plaintiff believed he had until December 1, 2004, to file its timely cross appeal. However, on December 6, 2004, the United States Court of Appeals for the Seventh Circuit informed Plaintiff that its November 29 cross appeal was untimely because it was actually due November 23, 2004 (fourteen days after the Defendant Escalante's notice of appeal). Both Plaintiff and Defendant requested leave to file a notice of appeal beyond the first thirty days permitted in the statute under the extension provision of Rule 4(a)(5)(A), stating that their neglect is excusable. Through independent analysis, we have determined that Defendant may file an amended NOA, insofar as the amended NOA reflects only the two date errors that Defendant presented to this Court. However, Plaintiff has not made a sufficient showing of excusable neglect and accordingly, Plaintiff's motion to file a notice of appeal is denied.

## Discussion

First, Defendant has brought forth this motion for leave to file its second amended notice of appeal in order to correct two date errors that were in the original, timely filed, NOA. Defendant asserts that they have made their extension request according to Rule 4(a)(5)(A), in that they have requested the extension within the thirty-day time period and they have demonstrated that their technical errors were excusable. Furthermore, Defendant reminds us that the Seventh Circuit has already begun to consider the substantive merits of the appeal and he seeks to file an amended NOA only to ensure the official record is accurate.

Rule 4(a)(5) allows for such extensions after the original thirty-day period has ended if the court finds that the failure to file a timely notice of appeal resulted from "excusable neglect." Fed. R. App. P. 4(a)(5)(A)(i)-(ii). In general, the excusable neglect doctrine is narrowly interpreted.

*Rowels v. Ill. Dep't of Employment. Sec.*, No. 99 C 6450 2004 U.S. Dist. LEXIS 23687, at *3 (Nov. 23, 2004) (citing *Hardin v. Synthes U.S.A.*, No. 90 C 2426, 1991 U.S. App. LEXIS 25531, at *2 (7th Cir. Oct. 10, 1991)). "Ignorance of the law or unfamiliarity with the federal rules almost invariably falls short of excusable neglect." *Id.* (quoting *U.S. v. Tait*, No. 91-2959 1992 U.S. App. LEXIS 11752, at *6 (April 21, 1992)). A difficult burden to meet, excusable neglect will be often found where there is "a failure to learn of the entry of judgment, unpredictable events affecting the delivery of notice of appeal to the clerk, uncontrollable delays in mail delivery, and unpredictable events affecting the feasibility of appeal." *U.S. v. Tait*, 1992 U.S. App. LEXIS 11752, *6 April 21, 1992, (citing MOORE'S FEDERAL PRACTICE at 4-104 to 4-109, 2d edition 1992).

Furthermore, courts have stated that "palpable oversight, administrative or clerical errors by an attorney or his staff," or errors made as a result of an attorney's busy schedule are not recognized as excusable neglect. *Tait*, at *6 (citation omitted). Other courts have discussed the high threshold that is required to meet excusable neglect and held that "allowing extension on frivolous grounds would turn Rule 4(a)(5) into a device to convert automatically the thirty-day appeal period into a sixty-day period, something the rule was not meant to be. *Id.* (referring to *In re O.P.M. Leasing Services*, 769 F.2d 911, 917 (2d Cir. 1985)). The appellate courts have deemed an excuse to be "so far afield" when the neglect was claimed because counsel simply forgot to file a notice. *Varhol v. Nat'l R. Passenger Corp.*, 909 F.2d 1557, 1564 (7th Circ. 1990) In that situation, the appellate court acknowledged that granting an extension would be a "patent abuse of discretion" on behalf of the district court. *Id.*

Despite these limited circumstances, more recently, some courts have determined that granting a motion to extend time under the extension articulated in Rule 4(a)(5) lies more within the

trial court's discretion. *Robb Norfolk & W. R.R. Co.*, 122 F.3d 354, 361 (7th Cir. 1997). In their discretion, trial courts should consider that "dismissals of appeals on technicalities are to be avoided." *U.S., ex rel., Zembowski v. DeRobertis*, 771 F. 2d 1057, 1064 (7th Cir. 1985). However, courts have noted that this discretion only goes so far, for "missing a filing deadline because of slumber is fatal." *Hart v. Terminex Int'l. Co.*, 2002 1396998, *5 (N.D. Ill. 2002).

To further understand interpretation of the "excusable neglect" we look to Rule 4(a)(5)'s history. In 1979, Rule 4(a)(5) was amended to allow for an extension of time based on "good cause" and "excusable neglect." *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 912 (7th Cir. 1989). The excusable neglect doctrine was narrowly construed and was granted in exceptional instances, for example, the failure to receive notice of the entry of judgment. *Id.* However, the advisory committee's comments to the amendments indicate that the intent was to afford considerable discretion to the trial judge because it is he who is able to most equitably assess the circumstances. *Id.* A trial judge will assess whether there is danger of prejudice to the non-movant, the length of delay and its impact on judicial proceedings, the reason for delay and whether the movant had control of it, and whether the movant acted in good faith. *Hart,* 2002 1396998 at*4.

Here, Defendant request for leave to file a second amended NOA to correct two date errors that were contained in the original, timely filed NOA. Specifically, Defendant seeks to correct one typographical error and to add a date of one of the several orders that he is appealing. Even though clerical oversights by attorney or his staff are often times not inexcusable, Defendant contends his errors are pardonable because they are mere technicalities that have already been overlooked by the Seventh Circuit. Defendant has visibly made the Seventh Circuit aware of his errors and omissions, and they have responded by clearly including the errors and omissions in their realm of

-5-

consideration. On November 29, 2004, the Seventh Circuit acknowledged Defendant's errors and omissions from his NOA and included them in the realm of issues that they are considering and ordered Defendant to provide jurisdictional information about each of the dates in question. (Pl.'s Resp. Mot. Sec. Am. NOA, Ex. A.) Defendant avers that because the Seventh Circuit has accepted such errors, as evidenced from their commencement of proceedings upon Defendant's appeal, they have not considered the errors to be substantive.

Plaintiff argues that Defendant is barred from appealing three of the orders contained in the NOA because they are untimely. (Pl.'s Resp. 1.) Plaintiff's questions reach more to the substantive and procedural steps taken throughout the life of the case and now that the matter is before the Seventh Circuit, those are questions for the Seventh Circuit to examine. Furthermore, Defendant notes that when considering a NOA, a district court analyzes whether a party has procedurally complied with filing rules so the appellate court may review the merits of the appeal. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Turchen*, 187 F.3d 735 , 743 (7th Cir. 1999) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Significant also is that upon filing of a notice of appeal, the district court lacks jurisdiction to rule further. *Id.* Once Defendant filed his timely NOA, then we no longer retain jurisdiction to address the merits of the case. Plaintiff, himself, acknowledges the import of this, and states that because the Seventh Circuit has already ordered Harvey to act and explain the basis for its jurisdiction, the matter is not one for this Court to decide. (Pl.'s Resp. at 7).

Also, in its discretion to determine whether a NOA may be amended during the extension period, the trial judge will assess whether there is danger of prejudice to the non-movant, the length of delay and its impact on judicial proceedings, the reason for delay and whether the movant had control of it, and whether the movant acted in good faith. *Hart,* 2002 1396998 at*4. Here, by allowing Defendant to make the date corrections, Plaintiff is not in danger of prejudice, the length of delay is negligible, and there is no impact on the judicial proceedings, because as stated, the Seventh Circuit is already considering the matters in the amended form with the correct dates.

The reason for delay, however, is far less justifiable. Defendants have carelessly transcribed the wrong dates in their original NOA and sloppily failed to obtain leave of the court to file an amended NOA, both of which were entirely controlled by Defendant. However, because Defendant satisfied the important deadline of filing a timely NOA and seemingly acted in good faith, Defendant's carelessness, as disappointing as it is, does not tip the balance to deem their date errors as inexcusable. For the record to simply reflect the correct dates that the Seventh Circuit is now considering, the judicial proceedings will not be impacted. By granting Defendants the opportunity to amend the NOA, we are only allowing the record to reflect the exact dates of the matters that are before the appellate court. Therefore, Defendant has presented facts to show that his technical errors coupled with the current proceedings on the matter in the Seventh Circuit do not preclude him from amending, Defendants will be given the opportunity to amend the record so that it reflects the correct dates. Accordingly, Defendant 's motion to file an amended NOA is granted, in so far as it corrects only the two erroneous dates that have been brought to this Court's attention.

Plaintiff has also brought forth this motion to leave to file a NOA to appeal the Court's August 12, 2004 and October 20, 2004 orders. Plaintiff's circumstances are entirely separate and

independent of Defendants. Plaintiff acknowledges that he has failed to file a timely appeal as prescribed in Rule 4(a)(1)(A), but requests the Court to grant his motion pursuant to the extension period provided for in Rule 4(a)(5)(A). Plaintiff argues he should be permitted to file a NOA under Rule 4(a)(5)(A) because his neglect was a result of his attorney's engrossment with settlement negotiations as well as preparations for another jury trial. Under Rule 4, this initial NOA triggers the fourteen-day period in which an opposing party may file a cross appeal, in this case by November 23, 2004. Plaintiff states that he was unaware of Escalante's NOA and subsequent dismissal thereof and that because the cross appeal was filed six days late there is no real prejudice to Defendant. Plaintiff further contends that because of his timely response to co-Defendant's November 17, 2004 NOA, his attentiveness to the case should be recognized.

Plaintiff also highlights that courts have veered from the narrow standard surrounding excusable neglect interpretation and relies on a bankruptcy case that interprets excusable neglect in conjunction with Rule 60(b). There the court stated the neglect must be assessed in terms of its ordinary meaning, that is, to "give little attention or respect to a matter" or "to leave undone . . . through carelessness." *Pioneer Inv. Svcs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 388 (1993). The Court discerned that in assessing excusable neglect, we must consider "all relevant circumstances surrounding the party's omission,[including] the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Defendant argues simply that Plaintiff has not satisfied the excusable neglect standard of proof and, additionally, that Plaintiff's non-action violates Rules 4(a)(1) and 4(a)(3). Defendant

-8-

states that because Plaintiff's thirty-day window to file a cross appeal expired on November 23, 2004, he is precluded now from filing an effective cross appeal.

The circumstances under which attorney error may be excusable are very rare. Unlike this case, *Pioneer* involved a bankruptcy action and the Court weighed the factors but did not find them exhaustive. *Id* at 386. There, the Court initially ruled that excusable neglect was not found because they stated that excusable neglect usually is found only if it results from the "failure to timely perform a duty was due to circumstances which were beyond [its] reasonable control." *Id.* at 384. The appellate court did reverse this decision because respondent's attorney affirmatively misinformed him about deadlines that were missed.

Weighing the relevant factors here, we note that the danger of prejudice to the non-movant, and the length of delay are negligible. However, the reason for counsel's error is much less persuasive. Plaintiff's only justification comes from his attorney's busy schedules settling and preparing for other litigation. Furthermore, counsels' error in this case is not a question of whether their failure to know of Escalante's NOA was within their control. It is not a matter of whether the mail failed to arrive, or whether parties were accurately served; Plaintiff received notice, as is evidenced from the service affidavit. The ability to become aware of Escalante's NOA was completely within their control, and it is just a matter of whether their neglect to be cognizant that the NOA was even filed and served upon their office was excusable. Counsel here did not misinform about any deadlines, they were not even aware themselves of the deadline that they missed. They claim that the error was in good faith, and although we don't dispute that assertion, the factors weigh more heavily towards inexcusable error.

Plaintiff alternatively relies on *Robb v. Norfolk*, where excusable neglect was found where opposing counsel agreed with each other to allow for an extension, but just failed to obtain leave of the court. *Robb*, 122 F. 3d at 356. Also, Plaintiff points to a case where counsel prepared a NOA and mistakenly thought he had included the completed document in an envelope that was to be filed with the court. *Hart* at *2. In both of those instances, Plaintiff was aware of all pending motions and deadlines and prepared the appropriate documents in anticipation of such deadlines, the delivery or consummation of their agreements and submission were only lacking.

This case is distinct in that here, Plaintiff was completely unaware of a notice of appeal that was filed and served upon its law firm. It is not as though Plaintiff became aware of Escalante's notice of appeal late and then asked for an extension, Plaintiff was completely incognizant of the notice and was not even aware it was served upon his firm until the Seventh Circuit advised Plaintiff of its tardiness on December 6, 2004. Plaintiff's attorneys are experienced litigators, intimately familiar with the time constraints of the rules of procedure and are well aware that litigation motions, notices, and deadlines come from several angles, especially in matters that contain multiple co-defendants. Plaintiff's lack of knowledge of Escalante's notice of appeal was not a result of unpredictable events affecting the delivery of notice of appeal to the clerk or uncontrollable delays in mail delivery. We applaud Plaintiff for his settlement negotiations and diligent preparation in other matters, but find that the failure to even be aware of a NOA that was correctly filed and served can only be attributed to Plaintiff's slumber. We find that Plaintiff does not fit into one of the carved out exceptions of excusable neglect and, therefore, taking all circumstances into account, Plaintiff's motion for leave to file a NOA is denied.

## Conclusion

For the reasons stated above, Plaintiff's motion for leave to file a notice of appeal is denied and Defendant's motion to amend his timely filed notice of appeal is granted.

**ENTER:**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

DATED: JAN 1 9 2005