UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARCHIE ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99 C 3696 |
| | ) | |
| CITY OF HARVEY and | ) | Judge Joan H. Lefkow |
| OFFICER MANUEL ESCALANTE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The last issue to be resolved in civil rights litigation is typically the pesky one of attorney's fees. This case is typical in that sense but otherwise exceptional. This case was filed on June 3, 1999. Three appeals have been decided: the first on the merits, the second on the award of fees for the litigation through trial and judgment; and the third, for fees incurred thereafter ("the Supplemental Petition"). The difference between the parties is not large, but each believes that principle trumps practicality. Making matters even more difficult, the City contends that this court lacks jurisdiction to resolve their dispute so the case may rest in eternal peace.

The disputed fee relates to plaintiff's counsel's services in successfully defending the second appeal, an award of attorney's fees and expenses under 42 U.S.C. § 1988 ("the appeal fee"). After that appeal was decided in plaintiff's favor, this court allowed fees under the Supplemental Petition for work performed between the filing of the first petition forward to the filing of the Supplemental Petition, work which included the appeal fee. The City appealed from that judgment.

1

In its Jurisdictional Statement on appeal, the City stated that it was appealing from this court's judgment entered on Robinson's Supplemental Petition entered on November 10, 2008 (Appellant's Brief at 1), presenting among others the question which became the basis of the court's reversal of this court's judgment: "Whether the failure of the district court to consider the untimeliness of Robinson's Supplemental Petition under Federal Rule 54(d)(2)(B)(i) as extended by Local Rule 54.3(b) . . . was an abuse of discretion." *Id.* at 2. The Summary of the Argument, however, stated, "The City appeals all portions of the judgment of November 10, 2008 entered on the Supplemental Petition, except those fees incurred in defense of the previous appeal, as untimely made . . . and for other abuses of discretion." Appellant's Brief at 3. In the Statement of Facts, it stated, "The Supplemental Petition included not only those attorneys' fees that he had incurred in defending against the appeal (regarding which the City raises no issue), but also for time spent that pre-dated his August, 2003, original fee petition, and the district court's October 2004 judgment for attorneys' fees." Appellant's Brief at 6.

In its opinion, the court of appeals noted, "The City conceded that Robinson is entitled to compensation for the time needed to defend against its appeal." *Robinson* v. *City of Harvey*, 617 F.3d 915, 916 (7th Cir. 2010) (citing *Robinson* v. *City of Harvey*, No. 99 C 3696, 2008 WL 4534158, at *5–6 (N. D. Ill. Oct. 7, 2008) ("Harvey acknowledges liability for fees related to the appeal with the exception of time devoted to plaintiff's cross appeal.")).[1] The judgment of the court of appeals, however, made no exception for the appeal fee but simply said, "The judgment

---

[1] The appeal fees were designated by the City as "D" on plaintiff's time entries. In its response to the Supplemental Petition in this court, the City identified six categories which it believed could not be compensated. The list did not include the D entries within its objections. ( Dkt. No. 336.

of the District Court is REVERSED, with costs, in accordance with the decision of this court entered on [August 6, 2010]." Dkt. No. 374.

Plaintiff petitioned for rehearing. As pertinent here, the petition reminded the court that it had reversed the entire judgment even though the City had never challenged the appeal fee. Plaintiff cited from the City's appellate brief to demonstrate that the City had explicitly excepted the appeal fee from its challenge to the judgment. He represented that the amount was approximately $75,000. Petition at 3. This was close to the total of the "D" entries, based on the hourly rates allowed and the time expended, $75,541.[2] Plaintiff asked the court to reinstate the fee or remand the case for a determination of the amount.

In answer to the petition, the City represented that "there was no issue regarding the attorney's fees incurred by Robinson in defense of the previous appeal." But it back-pedaled from its earlier concession that it owed the appeal fee, stating, "This is what the City was willing to do, not as a matter of law, but as a matter of voluntary choice." Answer to Petition at 8. The City added, "[S]hould this Petition be denied, the City will, consistent with its previous representation, stand ready to honor Robinson's request for payment of reasonable fees incurred in the prior appeal–the City regards its word as its bond." *Id.* Relying on the "D" designations in the time sheets and the hourly rates allowed by this court, the City calculated $143.25 hours for work performed by Jon Loevy at $395 per hour and 22.10 hours for work performed by Russell Barnett at $235 per hour, a total of $61,777.25, rather than approximately $75,000 that

---

[2] *See* Dkt. No. 385-4, Plaintiff's Exh. D at 13 of 17, Jan. 20, 2011 letter from Jon Loevy to Thomas G. DiCianni. Defendant has never challenged the reasonableness of the time expended for the appeal (other than the cross-appeal which was disallowed). *See* Dkt. No. 336 at 8.

plaintiff proffered. The difference was not explained. The paragraph concluded, "There should not be any controversy about this; unlike some other entries, the entry of the appeal hours are [*sic*] easily identified." Answer to Petition at 9.

Relying on the City's representation that "it has voluntarily agreed to reimburse these fees notwithstanding counsel's undue delay in filing the motion in the district court[,]" the court of appeals denied the petition for rehearing "on the understanding that the City remains willing to compensate Robinson for the legal work required to defend the initial appeal, and that the City will do this promptly." This resolution avoided the need for the court to reconsider whether the City had waived the issue or was estopped to deny liability for the appeal fee by disclaiming it throughout the litigation. The court also taxed costs against the plaintiff in the amount of $699.20. Dkt. No. 377. The mandate issued on November 16, 2010.

On December 16, 2010, this court awarded costs to the City in the amount of $6,424 representing the premium on the supersedeas bond, indicating that the amount could be deducted from the outstanding balance due to plaintiff. Because plaintiff in its objections to the bill of costs also addressed the unwillingness of the City to pay the appeal fee (at least on plaintiff's terms), the court set the case for status on January 18, 2011 with the direction that the parties submit a judgment order, agreed to in form if possible, awarding fees for the first appeal, less costs. Dkt. No. 379.

Behind the scenes, the parties were negotiating. On December 15, the City through counsel sent plaintiff's counsel a check for $54,654.05, without recourse, on the basis that the

4

amount "constitutes the amount that we represented to the 7th Circuit that we were willing to pay, minus costs, including the cost of the supersedeas bond premium." This spawned a series of letters in which the City held its ground and plaintiff's demand grew to include not only the "D" fees but also expenses of the Seventh Circuit mediation of the second appeal, plus costs, amounting to $85,783.75. To that, he added post-judgment interest from November 10, 2008 and prevailing party fees incurred on the petition for rehearing in the third appeal, for a total of $116,199. He conceded that a proportional allocation of the supersedeas bond and appellate costs could be deducted, reducing the total to $111,731.70. Dkt. No. 385-4, Pl. Exh. D.

The parties cannot agree on an amount for the appeal fee. To make matters worse, the City contends that this court lacks jurisdiction to adjudicate the amount because it would be contrary to the mandate reversing the judgment.

Both parties cite cases that address the scope of the district court's authority upon return of a mandate. The City cites *Ohio-Sealy Mattress Mfg. Co.* v. *Sealy, Inc.*, 669 F.2d 490 (7th Cir 1982), where the court affirmed the district's court's refusal to decide an issue not included within instructions in the mandate, as well as *Pearson* v. *Edgar*, 153 F.3d 397, 405 (7th Cir. 1998), where the court vacated a portion of the judgment because the district court had based its decision on issues outside the scope of the mandate, there stating, "When a remand is limited to a specific purpose, the district court may not venture into other areas." Indeed, the City contends that there was no remand, which means this court lacks the power to pick up the case at all. For that proposition, it cites *Rheinberger* v. *Security Life Ins. Co. of America*, 146 F.2d 680, 683, 685

(7th Cir. 1944), which does not stand for that proposition, and *United States* v. *Husband*, 312 F.3d 247, 250 (7th Cir. 2002) ("[T]his court does not remand issues to the district court when those issues have been waived or decided."). The City also argues that this court must not consider the order denying the petition for rehearing and it may do nothing "contrary to the letter or spirit of the mandate, as explained or elucidated by the opinion," quoting *Matter of Continental Ill. Securities Litigation*, 985 F.2d 867, 869 (7th Cir. 1993).

Plaintiff, on the other hand, argues that the mandate rule is not jurisdictional but merely a version of the law of the case doctrine, citing *Creek* v. *Vill. of Westhaven*, 144 F.3d 441, 445 (7th Cir. 1998) ("The law of the case doctrine is a 'rule of practice' . . . ."); and *Moore* v. *Anderson*, 222 F.3d 280 (7th Cir. 2000). In *Moore,* the court reversed denial of a writ of *habeas corpus* with the direction that the district court issue the writ regarding the imposition of an enhanced sentence on the petitioner. Shortly after the mandate issued, the Supreme Court changed the law. The petitioner brought the issue before the district court, but the district court declined to rule, believing it would be outside the stricture of the mandate to do so. The court of appeals explained that, although commendably cautious, the district court's view was too narrow:

> [W]e understand that the most elementary application of [the law of the case] doctrine is that when a court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court. Other circuits call this corollary to the law of the case the "mandate rule."
>
> However, the mandate is only controlling as to matters within its compass. On remand, the district court retains the authority to dispose of other issues not addressed. To determine what issues were actually decided by the mandate, we require a careful reading of the reviewing court's opinion. The reach of the

> mandate is coextensive with the reach of our holding, so observations or commentary touching upon issues not formally before the reviewing court do not constitute binding determinations.

222 F.3d at 283 (citations and internal quotation marks omitted).

Jurisdiction, while separate from the mandate, travels with it. *See Kusay* v. *United States*, 62 F.3d 192, 194 (7th Cir. 1995) ("Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court. Until the mandate issues, the case is 'in' the court of appeals, and any action by the district court is a nullity."). The court has jurisdiction to decide matters that arise in the first instance that are not inconsistent with the mandate. Indeed, for reasons of inattention, the judgment here has not yet been vacated. The court of appeals did not vacate it or direct that it be vacated,[3] and the City has not so moved. That the court has post-appeal jurisdiction to vacate the judgment is beyond dispute. That the court had jurisdiction to award costs as provided by Federal Rule of Civil Procedure 54(d) is also obvious. That fees and costs, treated together in Rule 54, are typically handled separately from the merits of a case is also obvious. The court is not concerned that it lacks jurisdiction.

But that does not resolve whether resolving this fee dispute would conform to the ruling of the appellate court. It is a question of discernment of the law of the case, of the letter and spirit of the rulings on appeal. That opinion was wholly in favor of the City. There seems little room for plaintiff to argue that, had the City objected to the appeal fee (and assuming it had not

---

[3] *Compare, e.g., George E. Hoffman & Sons Inc*. v. *Int'l Brotherhood of Teamsters*, 617 F.2d 1234 (7th Cir. 1980) (reversing with directions to enter judgment in favor of party prevailing on appeal).

waived the issue by conceding them before the district court), the City would certainly have prevailed. At the same time, the issue raised on the petition for rehearing was of sufficient concern to the court that it denied the petition on the City's representation that it would pay the appeal fee. The court did not anticipate any dispute about the amount the City would be obliged to pay, nor should it have in light of the City's statement that "[t]here should not be any controversy about this; . . . the entry of the appeal hours are [*sic*] easily identified." That the court did not respond to plaintiff's invitation to remand for a determination of the fee was likely based on its reliance on defense counsel's good faith in stating, "[S]hould this Petition be denied, the City will, consistent with its previous representation, stand ready to honor Robinson's request for payment of reasonable fees incurred in the prior appeal–the City regards its word as its bond." *See* ABA Model Rule of Professional Conduct 3.3(a) ("A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer[.]") Possibly the court intended to create a trap door for the City's escape from its commitment, but that is not likely. Certainly, the court did not imply that the City might pay any amount it voluntarily chose to pay.

As the City has repeatedly emphasized, litigation must come to an end. The court of appeals expected the City to keep its word and pay the appeal fee. The only reasonable basis to determine the amount, absent agreement, is to apply the hours expended under the "D" category in the plaintiff's time records and the rates established by the court. Plaintiff is not entitled to expenses because defendant did not specifically forego its challenge to expenses. The court

8

exercises its discretion not to allow fees for the pending motion. Plaintiff's claim for reduction of costs is denied. Plaintiff's claim for fees for litigating the petition for rehearing is denied. The award consists of the following: The appeal fee based on the "D" entries ($75,541), less costs ($6,424 and $699.20), or $68,417.80.

## ORDER

The defendant City of Harvey's Motion to Withdraw or Vacate That Portion of the Order of December 16, 2010 Providing for a Judgment Order (382) is denied. The court hereby vacates the judgment entered on November 10, 2008 in the amount of $277,462. The court enters judgment in favor of plaintiff in the reasonable amount of $68,417.80 based on the City's promise before a tribunal of the United States to pay a reasonable appeal fee. Interest shall run from the date of entry of the judgment of this date. Plaintiff's cross motion for entry of judgment order (385) is moot.

Dated: March 7, 2011      Entered: _____
                                          JOAN HUMPHREY LEFKOW
                                          United States District Court Judge

.